IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS KAISER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-266 |
| | ) | Judge Cathy Bissoon/ |
| BRIAN V. COLEMAN *Superintendent* | ) | Chief Magistrate Judge Maureen P. Kelly |
| *S.C.I. Fayette*, | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this Petition for Writ of Habeas Corpus (the "Petition") be dismissed with prejudice for failure to prosecute given that Petitioner failed to comply with the Court's Order entered on March 11, 2015. ECF No. 2.

## II. REPORT

**A. Procedural History**

Presently pending before the Court is Petitioner's "Petition for Writ of Habeas Corpus" wherein he complains that his conditions of confinement, including the poor ventilation system of his current prison, violate his federal constitutional rights. As relief, Petitioner requested an immediate transfer to a prison that has a better ventilation system. Petitioner has not paid the filing fee or filed a motion for leave to proceed in forma pauperis.

However, it is not entirely clear to the Court that Petitioner intended to file the Petition in this Court. In the caption of the Petition, he wrote "In the Court of Common Pleas of Fayette County Pennsylvania." Notwithstanding this caption, the envelope in which the Petition was sent was addressed to the "United States District Court." Given the ambiguity, the Court entered an order on March 11, 2015, directing Petitioner to check one choice of a form attached to the

Order, indicating whether he wants to continue with the Petition in this Court or whether he wants to withdraw the Petition in this Court and re-file the Petition in the Court of Common Pleas of Fayette County. Petitioner was given until March 24, 2015 to fill out the form and return it to the Court.

It is now more than one month beyond the deadline and Petitioner has not returned the form, has not requested an extension of time to do so or responded in any way.

**B. Discussion**

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a party's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered:

---

[2] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In view of Petitioner's failure to complete and return the simple form or otherwise respond to the Court's March 11, 2015 Order, it seems that Petitioner has lost interest in pursuing this case. The Court finds the Poulis factors sufficiently met herein to justify dismissal of this case with prejudice. Weighing heavily in this Court's judgment is Poulis factor 6, i.e., the meritoriousness of the claim or defense. It is fundamental that a state prisoner may only challenge the sentence or conviction by means of a habeas petition in federal court and may not proceed by way of a habeas corpus petition in federal court to challenge the conditions of the prisoner's confinement. Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Hence, even if Petitioner chose to continue the case in this Court, the Petition for Writ of Habeas Corpus would be dismissible pre-service pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Richardson v. Thompson, Civ.A. No. 13-1466, 2014 WL 65995 (W.D. Pa. Jan. 8, 2014)

(dismissing pre-service pursuant to Rule 4 a habeas petition attacking the conditions of confinement).

Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his failing to comply with the order of this Court.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                          Respectfully submitted,

Date: May 4, 2014                             s/Maureen P. Kelly
                                          MAUREEN P. KELLY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Cathy Bissoon
       United States District Judge

       Thomas Kaiser
       KN-3015
       S.C.I. Fayette
       P.O. Box 9999
       LaBelle, PA 15450-0999